77 Cal.App.3d 110 (1978)
143 Cal. Rptr. 412
In re NORMA M. et al., Minors.
LOS ANGELES COUNTY DEPARTMENT OF ADOPTIONS, Petitioner and Respondent,
v.
LILLIAN D., Objector and Appellant.
Docket No. 49438.
Court of Appeals of California, Second District, Division Two.
January 9, 1978.
*111 COUNSEL
Paul Arthur Turner, under appointment by the Court of Appeal, for Objector and Appellant.
*112 John H. Larson, County Counsel, Lester J. Tolnai, Sterling R. Honea and Allyson Bilich Davidson, Deputy County Counsel for Petitioner and Respondent.
OPINION
COMPTON, J.
Lillian D. appeals from an order of the superior court which order declared three of her minor children to be free of parental custody and control pursuant to Civil Code section 232.[1]
*113 Appellant is a woman, who, as of the time of this writing, is approximately 37 years old. According to the probation report which was received in evidence at the hearing on the petition, she has had one marriage and divorce and four "alliances." As a result of these relationships she has borne nine children all of whom were, at very early ages, placed with a county agency or other persons to be cared for.
The three children that are the subject of this present petition were born of "alliances" between appellant and two different men, Roger M. and Manuel A.
*114 Norma M., age 13, is the oldest of the three. When appellant was six months pregnant with Norma, the father, Roger M., was returned to Texas and convicted of armed robbery. He apparently has never returned from Texas.
Manuel A. and Gilbert S., 12 and 11 years of age respectively, are appellant's seventh and eighth children. Their father, at the time of their conception, was married and had seven other children. These children along with their mother are all being supported by the county department of public social services. The father is in Texas.
In 1964, when Norma was one month old, appellant left her with a friend for a short period. In March of that year appellant placed Norma with appellant's sister who cared for the child for nine years. When the sister divorced her husband Norma was placed in a county-sponsored foster home. She is now eligible for adoption.
The two boys, Gilbert and Manuel, have been in foster homes since they were five and six years old respectively.
Appellant has had no contact with Norma since early 1974. During the period of December 1971 to April 1975, appellant had three contacts with the two boys. One of these contacts was a meeting arranged by the Los Angeles County Department of Adoptions.
This matter was referred to the department of adoptions by the department of public social services in March of 1974. Subsequently, the department of adoptions made numerous efforts to contact appellant to discuss the matter of adoption. Appellant responded only once, that being in October of 1974.
Appellant has a history of mental disorder leading to hospitalization in 1973 and 1974. Following her release from the last hospitalization she was using the drug Thorazine, which according to her own testimony, made her "drunk and drowsy" and impaired her ability to function. In 1974, she told a case worker that she was not able or ready to take care of her children.
The petition in this case was filed in April of 1975. Hearing was held in August of 1975. Proceedings for service by publication of the natural fathers were commenced in August 1975 and completed in October 1975. Judgment was entered November 21, 1975.
*115 The trial court found that as to Norma, the petition was sustainable under both subdivisions (a)(1) and (a)(7) of Civil Code section 232. As to Manuel and Gilbert, the trial court sustained the petition under subdivision (a)(7).
Appellant raises several contentions on appeal but the only one which merits any discussion is the claim that the evidence is insufficient to support the judgment.
(1) First, it is argued that the petition as to Norma could not be sustained under subdivision (a)(7) which requires that the minor have been in a foster home under jurisdiction of the county for two consecutive years. We agree with appellant that although Norma had been in the custody of persons other than appellant for well over 2 years she had only been in the type of foster home described in the statute for about 16 months prior to the filing of the petition.
The respondent county's argument that a "liberal" interpretation of the statute can be used to simply overlook its clear language is unpersuasive.
Subdivision (a)(7) has three very specific requirements, i.e., (1) the child must have been in a foster home under the jurisdiction of certain described agencies for two consecutive years, (2) there must be clear and convincing evidence that the parents are unable to provide a suitable home and family relationship, and (3) there must be clear and convincing evidence that a return of the child to the parents would be detrimental to the child.
Because of the drastic nature of the act of terminating the parent-child relationship, the court cannot simply indulge in a liberal interpretation which has the effect of eliminating the need to establish all of the prescribed conditions precedent.
When subdivision (a)(7) of Civil Code section 232 is read in conjunction with the other subdivision it is clear that each subdivision was drafted to deal with specific situations and the requirements of the statute cannot be satisfied by shifting some of the elements of one subdivision to another.
The error here is not fatal to the judgment. As noted the trial court also based its decision as to Norma on subdivision (a)(1). There is more *116 than substantial evidence to support the finding that appellant had, with the intent to abandon her, not communicated with nor provided support for Norma for more than a six-month period. Since the judgment as to Norma rests solidly on the provision of Civil Code section 232, subdivision (a)(1) it must be affirmed. (In re Gano, 160 Cal. App.2d 700 [325 P.2d 485]; Adoption of Oukes, 14 Cal. App.3d 459 [92 Cal. Rptr. 390].)
(2) Finally, appellant argues that there was insufficient evidence to support the judgment under Civil Code section 232, subdivision (a)(7) as to Manuel and Gilbert. She contends that although the two-year foster home requirement was satisfied there was no showing that appellant would not be able, in the future, to provide a proper home setting for the children. We disagree.
The statute requires a finding that the parents have failed and are likely to fail in the future to provide such a home and family relationship. Of course, no one can predict the future with absolute certainty. The trial judge is called upon, in these cases, to simply determine the likelihood of whether the parent will in the future make a marked change in his or her behavior pattern in relation to the child. Unquestionably the parents' "track record" prior to the hearing is the best indication of such a likelihood.
It would seem to be a comment on the obvious to observe, in view of appellant's history of promiscuous childbearing and abandonment, that the trial court's decision is both legally and morally unassailable. (Adoption of R.R.R., 18 Cal. App.3d 973 [96 Cal. Rptr. 308].)
The judgment is affirmed.
Roth, P.J., and Fleming, J., concurred.
A petition for a rehearing was denied January 25, 1978, and appellant's petition for a hearing by the Supreme Court was denied March 9, 1978.
NOTES
[1] Civil Code section 232 provides:

"(a) An action may be brought for the purpose of having any person under the age of 18 years declared free from the custody and control of either or both of his parents when such person comes within any of the following descriptions:
"(1) Who has been left without provision for his identification by his parent or parents or by others or has been left by both of his parents or his sole parent in the care and custody of another for a period of six months or by one parent in the care and custody of the other parent for a period of one year without any provision for his support, or without communication from such parent or parents, with the intent on the part of such parent or parents to abandon such person. Such failure to provide identification, failure to provide, or failure to communicate shall be presumptive evidence of the intent to abandon. Such person shall be deemed and called a person abandoned by the parent or parents abandoning him. If in the opinion of the court the evidence indicates that such parent or parents have made only token efforts to support or communicate with the child, the court may declare the child abandoned by such parent or parents. In those cases in which the child has been left without provision for his identification and the whereabouts of the parents are unknown, a petition may be filed after the 120th day following the discovery of the child and citation by publication may be commenced. The petition may not be heard until after the 180th day following the discovery of the child. The fact that a child is in a foster care home, licensed under subdivision (a) of Section 16000 of the Welfare and Institutions Code, shall not prevent a licensed adoption agency which is planning adoption placement for the child, from instituting, under this subdivision an action to declare such child free from the custody and control of his parents. When the requesting agency is a licensed county adoption agency, the county counsel and if there is no county counsel, the district attorney shall institute such action.
"(2) Who has been cruelly treated or neglected by either or both of his parents, if such person has been a dependent child of the juvenile court, and such parent or parents deprived of his custody for the period of one year prior to the filing of a petition praying that he be declared free from the custody and control of such cruel or neglectful parent or parents.
"(3) Whose parent or parents suffer a disability because of habitual use of alcohol, or any of the controlled substances specified in Schedules I to V, inclusive, of Division 10 (commencing with Section 11000) of the Health and Safety Code, except when such controlled substances are used as part of a medically prescribed plan, or are morally depraved, if such person has been a dependent child of the juvenile court, and the parent or parents deprived of his custody because of such disability, or moral depravity for the period of one year continuously immediately prior to the filing of the petition praying that he be declared free from the custody and control of such parent or parents. As used in this subdivision, `disability' means any physical or mental incapacity which renders the parent or parents unable to adequately care for and control the child.
"(4) Whose parent or parents are convicted of a felony, if the facts of crime of which such parent or parents were convicted are of such nature as to prove the unfitness of such parent or parents to have the future custody and control of the child.
"(5) Whose parent or parents have been declared by a court of competent jurisdiction wherever situated to be mentally deficient or mentally ill, if, in the state or county in which the parent or parents are hospitalized or resident, the State Director of Health, or his equivalent, if any, and the superintendent of the hospital of which, if any, such parent or parents are inmates or patients certify that such parent or parents so declared to be mentally deficient or mentally ill will not be capable of supporting or controlling the child in a proper manner.
"(6) Whose parent or parents are, and will remain incapable of supporting or controlling the child in a proper manner because of mental deficiency or mental illness, if there is testimony to this effect from two physicians and surgeons each of which must have been certified either by the American Board of Psychiatry and Neurology or under Section 6750 of the Welfare and Institutions Code. If, however, the parent or parents reside in another state or in a foreign country, the testimony herein may be supplied by two physicians and surgeons who are residents of such state or foreign country, if such physicians and surgeons have been certified by a medical organization or society of the state or foreign country to practice psychiatric or neurological medicine and if the court determines that the certification requirements of such organization or society are comparable to those of the American Board of Psychiatry and Neurology. The parent or parents shall be cited to be present at the hearing, and if he or they have no attorney, the court shall appoint an attorney or attorneys to represent the parent or parents and fix the compensation to be paid by the county for such services, if he determines the parent or parents are not financially able to employ counsel.
"(7) Who has been cared for in one or more foster homes under the supervision of the juvenile court, the county welfare department or other public or private licensed child-placing agency for two or more consecutive years, providing that the court finds by clear and convincing evidence that return of the child to his parent or parents would be detrimental to the child and that the parent or parents have failed during such period, and are likely to fail in the future to (i) Provide a home for said child; (ii) Provide care and control for the child; (iii) Maintain an adequate parental relationship with the child; and (iv) Maintain continuous contact with the child, unless unable to do so. Physical custody of the child by the parent or parents for insubstantial periods of time during the required two-year period will not serve to interrupt the running of such period.
"(b) A licensed adoption agency may institute under this section, an action to declare a child, as described in this section, free from the custody and control of his parents. When the requesting agency is a licensed county adoption agency, the county counsel, or if there is no county counsel, the district attorney shall in a proper case institute such action."