[No. D000998. Fourth Dist., Div. One. Apr. 18, 1986.]

In re MARY M. et al., Minors.
IMPERIAL COUNTY DEPARTMENT OF SOCIAL SERVICES,
Petitioner and Respondent, v.
JOHN M. et al., Objectors and Appellants.

COUNSEL

Christopher Blake and Stephen A. Munkelt, under appointments by the Court of Appeal, for Objectors and Appellants.

Thomas M. Fries, County Counsel, and Jerrold A. Malkin, Deputy County Counsel, for Petitioner and Respondent.

T. Douglas MacCartee, under appointment by the Court of Appeal, for Minors.

OPINION

MITCHELL, J.*—John M. and Jean M. appeal a judgment of the juvenile court declaring their natural children, Mary M. (Mary) and Barbara M.

*Assigned by the Chairperson of the Judicial Council.

(Barbara) free from parental custody and control pursuant to Civil Code section 232, subdivision (a).

FACTS

The union of John M. and Jean M. resulted in the birth of Mary on March 30, 1976, and Barbara on August 3, 1977. On December 14, 1977, the children were placed in protective custody by the Brawley Police Department. After investigation by the Imperial County Welfare Department and counseling with John M. and Jean M., Mary and Barbara were returned to their parents in late December. The welfare department monitored the children's care and the home of John M. and Jean M. up to the time of trial. On July 31, 1978, the welfare department filed petitions under Welfare and Institutions Code[1] section 300, subdivision (d) and removed Mary and Barbara from the home of John M. and Jean M.

On October 25, 1978, Mary and Barbara were declared dependent children pursuant to section 300, subdivision (d) and placement was continued outside of the home of John M. and Jean M. On September 17, 1979, the children were reunited with their parents. Although their status as dependent children was continued, the court allowed Mary and Barbara to return to the home of John M. and Jean M.

On February 11, 1980, the welfare department filed a supplemental petition under section 300, subdivision (a)[2] and again removed Mary and Barbara from the home of John M. and Jean M.

On June 8, 1980, the allegations in the supplemental petition were found to be true and the children continued to be placed out of their parents' home.

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise specified.

Welfare and Institutions Code section 300 provides in part: "Any person under the age of 18 years who comes within any of the following descriptions is within the jurisdiction of the juvenile court which may adjudge *that* person to be a dependent child of the court:

". . . . . . . . . . . . . . . . . . . . .

"(d) Whose home is an unfit place for him or her by reason of neglect, cruelty, depravity, or physical abuse of either of his or her parents, or of his or her guardian or other person in whose custody or care he or she is."

[2] Section 300, subdivision (a) of the 1980 statute provided: "Who is in need of proper and effective parental care or control and has no parent or guardian, or has no parent or guardian willing to exercise or capable of exercising care or control, or has no parent or guardian actually exercising care or control. No parent shall be found to be incapable of exercising proper and effective parental care or control solely because of a physical disability, including, but not limited to, a defect in the visual or auditory functions of his or her body, unless the court finds that the disability prevents the parent from exercising such care or control."

The court again reunified the family on December 22, 1980, while continuing the children in a dependent status. The children were removed for the last time from the home of John M. and Jean M. on April 2, 1981. The second supplemental petition was filed April 3, 1981, alleging both subdivisions (a) and (d) of section 300. The court found these allegations to be true on May 22, 1981. Mary and Barbara remained in welfare department placement for the balance of the proceedings.

On February 19, 1982, the welfare department filed petitions to free the children from parental custody and control under Civil Code section 232, subdivisions (a)(2), (a)(3) and (a)(7).[3] Trial began on June 28, 1983. Testimony at trial showed John M. abused alcohol which resulted in frequent unemployment, inability to provide his family with adequate living accommodations, food and the necessities of life. The alcohol abuse also caused frequent arguments with Jean M. in the presence of Mary and Barbara. The pattern of alcohol abuse and resulting harm to Mary and Barbara was consistent from 1978 through the time of trial. John M. denied at all times that he abused alcohol and refused assistance for rehabilitation offered by the welfare department. John M. testified at trial in an intoxicated condition. Evidence at trial disclosed that Jean M. failed to demonstrate minimum parenting skills and failed to properly house, feed, clean, and clothe Mary and Barbara from 1978 while the children resided in her home. Jean M. participated in counseling on parenting with the welfare department resulting in no improvement. In her testimony Jean M. admitted physical abuse of the children but promised future improvement. An incident of domestic disturbance occurred at the home of John M. and Jean M. during the trial requiring police intervention.

Jean M. testified she intended to continue to live with John M. Expert testimony questioned whether Mary and Barbara could ever be returned to the home of John M. and Jean M. because substantial emotional harm had already occurred to the children. Expert testimony did reveal that total termination of the relationship between the parents and children was not necessary. Mary, then age seven, and Barbara, then age five, informed the judge they would like to live with John M. and Jean M. At trial, the attorney for Mary and Barbara, after taking into consideration the preference of the children and all the evidence in the case, requested that the court sustain the petition. The welfare department indicated all attempts to counsel and educate John M. and Jean M. had failed as had all attempts at reunification.

---

[3]All references to section 232, subdivision (a)(7) are to the code section as it existed prior to the 1982 amendment. The parties agreed that the section be applied prior to the amendment. The amendment changed the two-year period to one year.

After trial, the court sustained the petition under Civil Code section 232, subdivision (a)(7).[4] The court found that for two years prior to filing the petition to free Mary and Barbara from parental custody and control the children were in facilities described in Civil Code section 232, subdivision (a)(7) and that the physical custody by John M. and Jean M. during that period was insubstantial. The court found that returning the children to the parents would be detrimental to Mary and Barbara. The court further found by clear and convincing evidence that from October 2, 1978, to the date of judgment the parents failed and are likely to fail in the future to provide a home for or care and control of the children, and maintain an adequate parental relationship. The court considered the alternative of guardianship and found it to be inappropriate because it would not give Mary and Barbara the permanency and stability required for their psychological well being. The court declared the children free from parental custody and control and referred them for adoptive placement.

## DISCUSSION

■ John M. and Jean M. in separate briefs make two major contentions. They contend the Civil Code section 232, subdivision (a)(7) requirement of foster home placement "for two or more consecutive years" prior to the filing of the freedom from parental custody and control petition was not satisfied. ■ John M. and Jean M. also contend the evidence introduced at trial was insufficient to prove the parents' inability to provide a home, care and control, and adequate parenting. ■ John M. further contends the court should have placed little emphasis on the recommendation of the attorney for Mary and Barbara that parental rights should be terminated and should have inquired of the children's attorney as to an alternate plan of permanent guardianship with reasonable rights of visitation to John M. and Jean M.

---

[4]Civil Code section 232, subdivision (a)(7) provides: "An action may be brought for the purpose of having any child under the age of 18 years declared free from the custody and control of either or both of his or her parents when the child comes within any of the following descriptions:

". . . . . . . . . . . . . . . . . . . .

"(7) Who has been cared for in one or more foster homes, residential facilities licensed . . . under the supervision of the juvenile court, the county welfare department or other public or private licensed child-placing agency for two or more consecutive years, providing that the court finds by clear and convincing evidence that return of the child to his parent or parents would be detrimental to the child and that the parent or parents have failed during such period, and are likely to fail in the future, to do the following:

"(i) Provide a home for the child;

"(ii) Provide care and control for the child; and

"(iii) Maintain an adequate parental relationship with the child.

"Physical custody of the child by the parent or parents for insubstantial periods of time during the required two-year period will not serve to interrupt the running of such period."

■ John M. and Jean M. contend the period of approximately three months and eleven days during which they had physical custody of Mary and Barbara during the two-year period immediately prior to filing the freedom from parental custody and control petition was a substantial period of time as a matter of law. Both John M. and Jean M. urge the court to consider the effect this custody had on the children, claiming such a review must be conducted in light of the legal requirements that no liberal interpretation may be applied to satisfy the statute. (*In re Norma M.* (1978) 77 Cal.App.3d 110 [143 Cal.Rptr. 412].) In *Norma M.*, Norma lived with her mother's sister for nine years before being placed in the type of foster home described by Civil Code section 232, subdivision (a)(7). Norma resided in the foster home for 16 months before the filing of the petition to free Norma from parental custody and control under section 232, subdivisions (a)(1) and (a)(7). The court affirmed the trial court's order freeing Norma from parental custody and control as to section 232, subdivision (a)(1) but not as to section 232, subdivision (a)(7), concluding the two-year requirement had not been satisfied. (*Id.*, at p. 115.) Jean M.'s reliance on *Norma M.* is misplaced. In *Norma M.*, the department of social services first had contact with Norma 16 months before filing the petition to free Norma from parental custody and control. In the present case, Mary and Barbara had been under the status of dependent children continuously since 1978 and in the 24 months prior to filing the freedom from parental custody and control petition in 1982, had been allowed to live for only a little over three months with their parents on a trial basis. The trial court found that period to be insubstantial. In *Norma M.*, the issue of returning the child to the parent for an insubstantial time during the two-year period was not before the court.

■ John M. cites *In re Angelia P.* (1981) 28 Cal.3d 908, 919 [171 Cal.Rptr. 637, 623 P.2d 198] to support the proposition that the burden of proof to sustain the petition is by clear and convincing evidence. We agree with John M. as to the standard of proof. ■ However, we disagree with John M. and Jean M.'s contention that the three-month interruption of the two-year period was substantial. We conclude substantial evidence supports the trial court's finding the three-month period was insubstantial. ■ "As a reviewing court, we do not exercise our independent judgment on or reweigh the evidence, but merely determine whether there is sufficient evidence to support the findings of the trial court. (*In re Jacqueline G.* (1985) 165 Cal.App.3d 582, 585 [211 Cal.Rptr. 827].)

■ John M. and Jean M. cite numerous authorities in support of their position that clear and convincing evidence was not introduced to prove their inability to provide a home, care and control, and adequate parenting for Mary and Barbara. (*In re B. G.* (1974) 11 Cal.3d 679 [114 Cal.Rptr. 444, 523 P.2d 244]; *In re Carmeleta B.* (1978) 21 Cal.3d 482 [146 Cal.Rptr.

623, 579 P.2d 514]; *Adoption of Michelle T.* (1975) 44 Cal.App.3d 699 [117 Cal.Rptr. 856 84 A.L.R.3d 654]; *In re T.M.R.* (1974) 41 Cal.App.3d 694 [116 Cal.Rptr. 292]; *Lois R.* v. *Superior Court* (1971) 19 Cal.App.3d 895 [97 Cal.Rptr. 158]; *In re Marcos S.* (1977) 73 Cal.App.3d 768 [140 Cal.Rptr. 912]; *In re James M.* (1976) 65 Cal.App.3d 254 [135 Cal.Rptr. 222]; *In re Raya* (1967) 255 Cal.App.2d 260 [63 Cal.Rptr. 252]; *In re Rose G.* (1976) 57 Cal.App.3d 406 [129 Cal.Rptr. 338].) The facts of *In re B.G.* differ from the present case. There, in proceedings under section 600, subdivision (a) to establish wardship, the trial court failed to make a finding the parent was unfit or custody with the parent would be harmful to the child. (*In re B.G., supra,* 11 Cal.3d at p. 699.) Here the evidence and findings are extensive as to John M.'s alcohol abuse and both parents' failure in parenting. Although the sustaining of the freedom from parental custody and control petition was reversed in *In re T.M.R.,* again the trial court there failed to find the mother unfit but found abandonment under Civil Code section 232, subdivision (a) solely by reason of the mother's incarceration for a marijuana conviction. The court found an abuse of discretion for failure to allow the mother's request to reopen the case shortly after the trial upon her release from custody. (*In re T.M.R., supra,* 41 Cal.App.3d at p. 702.) The court in *In re Carmelita B.* was concerned with an attempt by the trial court to expand the definition of mental illness in relation to Civil Code section 232, subdivision (a)(6)[5] indicating: "Moreover, although it can be argued that the present standard prevents severance in some cases where the parents may be incapable of providing proper care, it is evident that any significant harm to the child's welfare can be adequately addressed by subdivision (a)(7)." (*In re Carmelita B., supra,* 21 Cal.3d at p. 491.)

The reversals of the trial court in *Adoption of Michelle T.* and *Lois R.* v. *Superior Court* do not assist John M. and Jean M. *Michelle T.* concerned the age of the adopting parent as the sole basis for denial of the adoption. (*Adoption of Michelle T., supra,* 44 Cal.App.3d at p. 705.) *Lois R.* involved a due process violation where the trial court in effect acted as the attorney for the government. (*Lois R.* v. *Superior Court, supra,* 19 Cal.App.3d at p. 930.) John M. relies on *In re James M.* to show the facts in the present case are not sufficiently severe to justify permanent severance of the parent-child relationship. The petition in *James M.* was to free the children from their father who was serving a prison term for a second degree murder conviction for killing the children's mother. The trial court sustained the petition based solely on the fact of the conviction. The appellate court reversed indicating the trial court must consider the circumstances surround-

---

[5]This section involves a child whose parents are incapable, due to mental deficiency or illness, of supporting or controlling the child.

ing the killing and the father's relationship with the children before severance of the parent-child relationship can be declared. (*In re James M., supra,* 65 Cal.App.3d at p. 266.) The facts in *James M.* differ from the present case as the trial court here heard extensive testimony as to John M. and Jean M.'s inability to provide minimum parenting skills over several years to the physical and emotional detriment of Mary and Barbara.

John M. argues against permanent severance based on *In re Raya.* In that case, the granting of the section 600, subdivision (a) wardship petition was reversed. The trial court had granted the petition solely on the ground the parents were separated but not divorced and the custodial parent as well as the noncustodial parent were living with other partners illicitly. (*In re Raya, supra,* 255 Cal.App.2d at p. 268.) The trial court here did consider all the circumstances of the parent-child relationship. *Raya* does not assist John M.

■ Finally, John M. asserts the attorney for Mary and Barbara had a duty to personally inquire into the children's preference and to argue that preference to the court. The court in *In re Marcos S., supra,* 73 Cal.App.3d at pp. 784-785 affirmed the sustaining of a freedom from parental custody and control petition indicating the trial court was not required to inquire as to the preference of a four-year-old as the child was not of sufficient age. The court in *In re David C.* (1984) 152 Cal.App.3d 1189, 1203 [200 Cal.Rptr. 115] reversed the sustaining of the freedom from parental custody and control petition because the trial court failed to make a finding that the best interests of the child would be served by being freed. On the question of the role of the child's attorney, the court stated: "Certainly, counsel for the minor must take into consideration the child's wishes when determining what the child's best interests are. This does not mean that, after independent consultation, reflection and study, counsel for the minor cannot urge that the child's best interests would be fostered by termination of parental rights, contrary to the stated desires of the child." (*Id.,* at p. 1207.)

We conclude the attorney for Mary and Barbara properly discharged his duty as attorney for the children in recommending the granting of the petition in light of the extensive evidence introduced at trial showing permanent severance to be in the best interests of the children. No further alternative plans need be offered to the court as reunification and reeducation had repeatedly failed.

■ Substantial evidence supports the trial court's finding that John M. and Jean M. were not then and are not likely in the future to provide a home, care, control and an adequate parental relationship for and with Mary and Barbara. Thus, the best interests of the children favor termination of

the parent-child relationship and permanent placement for adoption in a stable family.

### DISPOSITION

The judgment is affirmed.

Staniforth, Acting P. J., and Work, J., concurred.

The petition of appellant Jean M. for review by the Supreme Court was denied July 9, 1986. Bird, C. J., was of the opinion that the petition should be granted.