[No. G009663. Fourth Dist., Div. Three. Feb. 28, 1991.]

In re RIKKI D., a Minor.
ORANGE COUNTY SOCIAL SERVICES AGENCY, Petitioner and Respondent, v.
RIKKY D., Objector and Appellant.

COUNSEL

Dennis L. Cava, under appointment by the Court of Appeal, for Objector and Appellant.

Adrian Kuyper, County Counsel, and David Beales, Deputy County Counsel, for Petitioner and Respondent.

Harold La Flamme and Rosemary Hollander, under appointments by the Court of Appeal, for Minor.

OPINION

MOORE, J.—Father (appellant) appeals a judgment terminating parental rights and freeing Rikki D. for adoption. County counsel and counsel for the minor urge us to affirm.

### FACTS

The facts are undisputed. Rikki D. was born on July 8, 1986. Regina D. was born on October 13, 1987. On October 16, 1987, petitions to declare the minors dependent children under Welfare and Institutions Code section 300, subdivision (b) were filed. It was alleged the parents were transient and destitute and unable to provide the necessities of life for the children. By July 1988 each child had been placed in foster care. A service plan for the return of the children had been developed and reviewed with appellant. The plan directed the parents to get counseling, begin a drug rehabilitation program which included weekly drug testing, complete a 10-week parent education class, obtain suitable housing, demonstrate a legal source of income, remain free of arrests, alcohol and illegal drug use, and maintain regular and consistent visitation. Appellant was given agency referrals and transportation in the form of bus tickets to comply with the plan.

Appellant completed eight of ten sessions of a parenting class. However, he failed to report for additional drug testing after testing positive for marijuana when he took his first test in May 1989. The parents lived in motel rooms for approximately six months. Eventually, they found a small apartment they occupied for about six months. They agreed with a social worker that the apartment was not suitable for young children. Between July 1988 and June 1989 appellant saw his children in monitored visits only five times. The children spent most of their time during the visits with their mother and did not really know their father.

On September 8, 1989, the county filed a petition for freedom from parental control. The petitions and a citation to appear in court were personally served on appellant who was then in custody in Los Angeles County. The citation informed him: "If you fail to appear the Court may terminate your rights to the control and custody of the minor child(ren) and go forward with the adoption of the minor child(ren)." A transportation order was issued for a pretrial hearing on November 7 at which appellant was present in custody. Attorneys were appointed to represent appellant, the mother and the minors. Trial was set for January 10, 1990, but it was continued several times. By March 27, 1990, both parents had relinquished custody of Regina and the case involving her was dismissed. A trial date of April 16, 1990, had been set on the petition pertaining to Rikki. Appellant was then in custody at Donovan State Prison in San Diego. An order for his transportation to court was issued.

Appellant refused transportation to the hearing. He wrote his lawyer he did not plan to attend unless he might lose his parental rights, saying, "if

there is a problem then by all means pull me out to court." A continuance was granted.

On May 4, 1990, appellant's counsel sent him a mailgram which read: "Your case has been set for May 21, 1990. Do not refuse to be transported because your presence is necessary at the trial or your may lose all parental rights to your children forever." Appellant refused transportation to court on May 21, and the matter was trailed one day to give appellant's lawyer additional time to communicate with his client. The matter was trailed twice more during which time the mother relinquished custody of Rikki.

On May 24 appellant's counsel made a motion for another continuance on the grounds his client was not present. It was opposed by county counsel and counsel for the minor. The record is silent on the nature and extent of counsel's communications with his client during the period the case trailed. However, the court found appellant had "intentionally chosen not to be present for any and all purposes for which his presence would be necessary." The court then concluded, "having made an election not to be present personally for all of the purposes for which a trial is held, he then certainly can't complain that his absence was necessary for the success of his own case or that his absence was therefore excused or that his attorney was somehow or other inadequate or inefficient because of his voluntary willful absence from the court." Although the motion for continuance was denied, appellant's counsel was prepared to proceed and represented appellant throughout the proceedings that followed.

In its order declaring Rikki free from parental custody and control, the court found by clear and convincing evidence, inter alia, notice of the hearing was given in the manner and for the time required by law, the child had been abandoned by her parent within the meaning of Civil Code section 232 subdivision (a)(1), the return of the child to her parent would be detrimental to the child, and the parent had failed and is likely to fail in the future to maintain an adequate parental relationship with the child within the meaning of Civil Code section 232, subdivision (a)(7).

DISCUSSION

I

First, appellant contends the lower court's judgment is invalid because it failed to strictly comply with Penal Code section 2625. That statute provides in part:

"In any action brought under Section 232 of the Civil Code, where such action seeks to terminate the parental rights of any prisoner . . . , the

superior court of the county in which the action is pending, or a judge thereof, shall order notice of any court proceeding regarding such action transmitted to the prisoner.

" . . . . . . . . . . . . . " . . . . .

"Upon receipt by the court of a statement from the prisoner or his or her attorney indicating the prisoner's desire to be present during the court's proceedings, the court shall issue an order for the temporary removal of the prisoner . . . and for the prisoner's production before the court. No proceeding may be held under Section 232 of the Civil Code and no petition to adjudge the child of a prisoner a dependent child of the court . . . may be adjudicated without the physical presence of the prisoner or the prisoner's attorney, unless the court has before it a knowing waiver of the right of physical presence signed by the prisoner or an affidavit signed by the warden, superintendent or other person in charge of such institution, or his or her designated representative stating that the prisoner has, by express statement or action, indicated an intent not to appear at such proceeding."

■ Appellant contends the trial court exceeded its jurisdiction when it proceeded without him, even though his attorney was present in court and represented him. Appellant correctly points out that he did not sign a written waiver of his right to be present at the May 24 hearing, and the sheriff's transportation bureau memo reporting his refusal to attend that hearing does not satisfy the affidavit requirement of Penal Code section 2625. However, once the prisoner receives notice of the proceeding, and is given the opportunity to be present, we believe the statute only prohibits a trial court from going forward where either the prisoner *or his or her attorney* is not present.

■ The usual rules of statutory construction support our interpretation. In construing a statute, words are given their common meaning. (*People* v. *Heffner* (1977) 70 Cal.App.3d 643 [139 Cal.Rptr. 45].) The word "or" ordinarily means "an alternative such as 'either this or that . . . .' " (*Houge* v. *Ford* (1955) 44 Cal.2d 706, 712 [285 P.2d 257], quoting *Barker Bros., Inc.* v. *Los Angeles* (1938) 10 Cal.2d 603, 606 [76 P.2d 97].) ■ The statute's meaning is very clear. A prisoner-parent must be sent notice of the hearing and has the right to be personally present at a court proceeding under Civil Code section 232. If the prisoner chooses not to exercise this right, however, a written waiver or an affidavit by the warden or his or her designee is required *only* if an attorney representing the prisoner is not present at the hearing.

Our review of the relevant legislative history further supports our interpretation. The language at issue in Penal Code section 2625 was added by

amendment in 1976. (Stats. 1976, ch. 1376, § 2, p. 6262.) Initially, we note that the original motivating factor behind the amendment was to cure situations where prisoners failed to receive notice in time to participate in court hearings. (See, e.g., Assem. Com. on Crim. J., Bill Dig. of Assem. Bill No. 4354 (1975-1976 Reg. Sess.), May 26, 1976.) Turning to the specific language at issue here, the Legislative Counsel's Digest noted the 1976 amendment provided "no proceeding to terminate parental rights or adjudge a child a dependent child may be held without the physical presence of the prisoner or the prisoner's attorney unless a waiver or the specified statement is before the court." (Legis. Counsel's Dig., Assem. Bill No. 4354 (1975-1976 Reg. Sess.).) Also, a report by the Department of Corrections on the proposed law declared: "The bill further provides that no proceeding . . . may be held unless the prisoner or his attorney is present or the court has a waiver before it . . . ." We can discern no legislative intent to require a written waiver from a prisoner if his or her attorney is in court, since the attorney's mere presence (assuming he or she is authorized to appear) confirms that the prisoner received the notice of the proceeding required by statute.

In reviewing the remainder of the legislative history, the only statement we could find which arguably supports appellant's position is a document prepared by the Assembly Office of Research, which stated that under the amendment "the hearing could not proceed *without some acknowledgment from the prisoner-parent*." (Assem. Office of Research, 3d reading analysis of Assem. Bill No. 4354 (1975-1976 Reg. Sess.), italics added; see also Sen. Com. on Judiciary, analysis of Assem. Bill No. 4354 (1975-1976 Reg. Sess.), as amended June 3, 1976, p. 3.) Again, however, if the prisoner's attorney is present in court and is authorized to appear, there is obviously "some acknowledgment" by the prisoner.[1]

In the present case, the record reveals that appellant was represented by court-appointed counsel; further, he was repeatedly advised by both his

---

[1] Civil Code section 237.5 mandates the appointment of counsel (absent a waiver) for indigent parents, including prisoners, in proceedings to terminate parental rights. From our experience, we would think that the number of prisoners who will turn down court-appointed counsel and seek to represent themselves will be rather small. In those instances, however, we believe the trial court cannot proceed without a prisoner who has previously communicated his desire to attend unless the requirements of the remainder of Penal Code section 2625 have been met (i.e., a waiver by the prisoner or an affidavit from the warden), which is consistent with due process. (See *Payne* v. *Superior Court* (1976) 17 Cal.3d 908, 924-925 [132 Cal.Rptr. 405, 553 P.2d 565] [due process mechanisms vary according to circumstances of case]; see generally Tobriner & Cohen, *How Much Process Is "Due"? Parolees and Prisoners* (1974) 25 Hastings L.J. 801.) Here, however, notice to the prisoner, coupled with the presence of his attorney in court, satisfied due process. (*Quaglino* v. *Quaglino* (1979) 88 Cal.App.3d 542, 549 [152 Cal.Rptr. 47]; cf. *In re Christopher A.* (1991) 226 Cal.App.3d 1154 [277 Cal.Rptr. 302] (court apparently assumed, without discussion, that presence of attorney satisfied § 2625).)

attorney and by the trial court of the nature of Civil Code section 232 proceedings and the importance of his attendance. After initially stating his desire to attend, appellant evidently changed his mind, and refused transportation from prison on two occasions. Since Penal Code section 2625 does not bar commencement of a proceeding to terminate parental rights where a prisoner is represented in court by counsel, and because appellant received the notice required by statute but manifested his desire not to attend, we believe the trial court had jurisdiction to go forward where appellant himself was not physically present.[2]

## II

■ Appellant further contends the court's denial of his counsel's motion to continue the proceedings on May 24, 1990, constituted a denial of due process of law under the Fourteenth Amendment to the United States Constitution and under article I, section 7 of the California Constitution. He argues since the hearing was conducted without his physical presence and in the absence of a valid waiver, he was not given reasonable notice and opportunity to be heard. Appellant suggests the court should have ordered his counsel to go to Donovan State Prison in San Diego, find out whether appellant wanted to appear, and if not, obtain his signature on a knowing waiver. Counsel for the county and for the minor aver appellant was given ample notice and opportunity to be heard and, therefore, there was no due process violation.

■ In addition to statutory requirements, as a matter of fundamental due process, appellant and his counsel are entitled to such notice of a custody proceeding as provides reasonable opportunity to prepare and be heard because of the importance of the parental right involved. (*In re Brendan P.* (1986) 184 Cal.App.3d 910, 915 [230 Cal.Rptr. 720].) "The fundamental and crucial right to 'conceive and to raise one's children' is protected by due process guaranties. [Citation.] '[T]he interest of a parent in the companionship, care, custody, and management of his children is a compelling one, ranked among the most basic of civil rights [citations],

---

[2] In *In re Nalani C.* (1988) 199 Cal.App.3d 1017 [245 Cal.Rptr. 264], following exhaustive and unsuccessful efforts by the mother's counsel to secure her attendance at a Civil Code 232 hearing, the court relieved the attorney and proceeded with the matter without the mother or any attorney appearing for her. Although finding the error harmless, the Court of Appeal held it was improper to relieve counsel and immediately try the case in the mother's absence. The court concluded the trial judge should have refused to relieve the mother's attorney, and, instead, had him represent her throughout trial to the best of his ability. (*Id.* at p. 1030.) While *Nalani C.* does not involve a prisoner-parent, it is evident that, at least under some circumstances, it is appropriate for a parent's attorney to go forward with a Civil Code section 232 proceeding in the parent's absence.

[and] the state, before depriving a parent of this interest, must afford him adequate notice and an opportunity to be heard.' [Citations.]" (*Ibid.*)

■ Appellant's contention he received inadequate notice and opportunity to be heard is not well taken. On October 17, 1989, he was personally served in jail with a citation that clearly stated loss of his parental rights could occur. Thereafter appellant refused transportation to court. Although his letter to his attorney on April 12, 1990, indicated some confusion and a continuing interest in protecting his parental rights, his attorney's response in a mailgram could not have been more clear. Counsel informed appellant his presence was necessary, he could lose his parental rights forever, and he should not refuse transportation. Nevertheless, appellant refused to be transported. Although we do not know the nature and extent of counsel's communications with his client during the three days the case trailed for that purpose, it is clear counsel's efforts were unsuccessful, since he requested a further continuance on May 24, 1990, to try to get his client to court to assist in his defense. The record before us contains no evidence or declaration that appellant did not refuse transportation, was unable to attend the proceedings, or was in any way prevented from attending the proceedings.

■ Appellant claims a different result was reasonably probable had he appeared to testify. He suggests he could have persuaded the court he did not neglect or abandon his child and he substantially complied with the conditions of the service plan. We think that unlikely. In fact, as the court stated, "All of the referrals and all of the service plan were designed to deal with the problems that the family had as a unit, and specifically [appellant]. There were drug provisions, parenting training provisions, the need to provide to maintain a stable home, stable income . . . . [¶] [Appellant] would otherwise have been excused under the substantial compliance theory with his parenting classes had that been the only provision of the service plan which he had failed. The difficulty is that he really had not complied with any of the provisions of the service plan. They were all reasonable." The evidence was incontrovertible that in the period of two years between Rikki's ages of two and four, appellant had only five visits with his child, took only one drug test which he failed, never found a suitable residence, and did not remain free of arrests. No other result was possible.

Acceptance of responsibility is clearly not this father's forte. He wants to be begged to do the needful. Children should not be required to wait until their parents grow up.

The judgment is affirmed.

Sills, P. J., and Wallin, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 6, 1991.