Filed 9/10/21  In re J.D. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re J.D. et al., Minors. | |
| DIANA G., | F082808 |
| Petitioner and Respondent, | (Super. Ct. Nos. MAD002408, MAD002409, MAD002410) |
| v. | |
| MARTHA P., | **OPINION** |
| Objector and Appellant. | |

### THE COURT*

APPEAL from an order of the Superior Court of Madera County.  Thomas L. Bender, Judge.

Julie E. Braden, under appointment by the Court of Appeal, for Objector and Appellant.

Christine J. Levin for Petitioner and Respondent.

-ooOoo-

Appellant Martha P. appeals from the order granting respondent Diana G.'s petition freeing appellant's three minor children from appellant's custody and control.

---

\*      Before Levy, Acting P. J., Franson, J. and Peña, J.

Appellant contends that in doing so, the superior court failed to comply with the inquiry requirements of the Indian Child Welfare Act (ICWA; 25 U.S.C. § 1901 et seq.). We find no prejudicial error and affirm.

## FACTUAL AND PROCEDURAL HISTORY

On June 15, 2020, respondent petitioned the superior court, pursuant to Family Code section 7822[1], to free her three minor stepchildren from the custody and control of appellant, their biological mother, so that respondent could adopt them. The superior court issued a citation for appellant to appear on September 18, 2020, in order to show cause why the minors should not be adopted by respondent.

Family Court Services was provided a notification of "ACTION IN STEPPARENT ADOPTION - ADOPTION REFERRAL" for each minor. Each referral included a notation of the following enclosures: an adoption request with attached form ICWA-010(A); a court order appointing a superior court investigator pursuant to section 7850; and a petition to declare the minor free.

On July 23, 2020, appellant was served with the citation, referral and instruction, adoption request, order appointing the court investigator, and petition to declare the minors free from parental custody and control.

Appellant appeared on September 18, 2020 and indicated that she did not agree with the petitions to declare the minors free. Counsel was appointed to represent appellant.

Family Court Services filed its reports on October 23, 2020, recommending freeing each minor from appellant's custody. Appellant filed a response and declaration disagreeing with the petitions.

The matter proceeded to trial on April 21, 2021. Evidence at trial was that appellant and father were married and had three children: a son, age 12, and twin girls,

---

[1]    All further statutory references are to the Family Code unless otherwise stated.

age 10. Appellant and father's relationship ended in 2012, and the minors had been living with father since late 2012 or early 2013. Appellant had not seen the children since then and she had never provided father with any child support.

The investigator who interviewed appellant, respondent, father, and each minor opined that the minors had formed mother-child relationships with respondent and recommended that they be freed from appellant's custody and control. The oldest child had a very severed relationship with appellant and was excited to be adopted by respondent. The other two did not want contact with appellant.

Appellant had a significant criminal history, specifically related to substance abuse. Although she claimed to be clean and sober for three years, she had an outstanding drug warrant from 2018. Appellant had always known where father was employed, but he never received any documentation that appellant was trying to obtain visits or custody of the minors.

Father and respondent had been together for four and a half years and married for two years. Respondent prepared meals for the minors, helped them with their homework, and cared for and comforted them when they were ill or injured. The minors called respondent "[m]om."

Appellant made no effort to contact the minors, claiming she did not do so because father was controlling. Appellant did file a request for order on custody and visitation in 2018, but failed to twice attend hearings, which caused the case to be dismissed.

On May 5, 2021, after argument and reviewing the evidence, the court granted respondent's petition to declare the minors free for adoption.

### DISCUSSION

"Upon enumerated statutory grounds, an interested party may file a petition for the purpose of having a minor child declared free from the custody and control of either or both parents. (§§ 7802, 7840, 7841.)" (*Neumann v. Melgar* (2004) 121 Cal.App.4th 152, 162.) Here, the trial court granted respondent's petition to declare the minors free from

3.

appellant's custody and control pursuant to section 7822, which concerns abandonment of the child by either or both parents. Typically, such a statute is invoked for the purpose of terminating the rights of a child's biological parent or parents, so that the child may be adopted into a stable home environment. (*In re Daniel M.* (1993) 16 Cal.App.4th 878, 883–884.)

Under section 7822, the court has authority to terminate parental rights where "[o]ne parent has left the child in the care and custody of the other parent for a period of one year without any provision for the child's support, or without communication from the parent, with the intent on the part of the parent to abandon the child." (§ 7822, subd. (a)(3).) The statute provides that, "failure to provide support, or failure to communicate is presumptive evidence of the intent to abandon. If the parent or parents have made only token efforts to support or communicate with the child, the court may declare the child abandoned by the parent or parents." (*Id.* at subd. (b).)

On appeal, appellant contends only that the trial court failed to comply with the inquiry and subsequent notice requirements of the ICWA when it granted respondent's petition. We find no prejudicial error and affirm.

"Congress enacted ICWA to further the federal policy ' "that, where possible, an Indian child should remain in the Indian community ...." ' [Citation.]" (*In re W.B.* (2012) 55 Cal.4th 30, 48.) California has adopted statutes and rules that "implement, interpret, and enlarge upon" the ICWA. (*In re S.B.* (2005) 130 Cal.App.4th 1148, 1157.) In a proceeding to terminate parental rights resulting in adoption under the Family Code, the court must ask each participant whether the participant knows or has reason to know the child is an Indian child and order the parent to complete the ICWA-020, which inquires whether the parent does or may have Indian ancestry. (Cal. Rules of Court, rules 5.480(2)(C)(4); 5.481(a)(2).)

4.

"Deficiencies in ICWA inquiry and notice may be deemed harmless error when, even if proper notice had been given, the child would not have been found to be an Indian child."  (*In re D.N.* (2013) 218 Cal.App.4th 1246, 1251.)

Here, father completed an ICWA-020 form affirmatively declaring that there was no Indian ancestry as to the minors.  There is no indication that appellant was asked about her possible Indian heritage or that she completed an ICWA-020 form.

However, even were we to find inadequate inquiry, we find no prejudicial error.  Appellant has not claimed—below or in her opening or reply briefs—that she has any Indian ancestry.  A parent asserting failure to inquire must show—at a minimum—that, if asked, he or she would, in good faith, have claimed some kind of Indian ancestry.  "Where the record below fails to demonstrate and the parents have made no offer of proof or other affirmative assertion of Indian heritage on appeal, a miscarriage of justice has not been established and reversal is not required."  (*In re Noreen G.* (2010) 181 Cal.App.4th 1359, 1388; accord *In re H.B.* (2008) 161 Cal.App.4th 115, 121; *In re N.E.* (2008) 160 Cal.App.4th 766, 769–711 [failure to ask father whether he had Indian ancestry was harmless where father "does not assert on appeal that he in fact has any Indian heritage"]; *In re Rebecca R.* (2006) 143 Cal.App.4th 1426, 1430–1431 [asserted failure to ask father whether he had Indian ancestry was harmless where father did not "make an affirmative representation of Indian heritage" on appeal].)  "In the absence of such a representation, the matter amounts to nothing more than trifling with the courts.  [Citation.]  The knowledge of any Indian connection is a matter wholly within the appealing parent's knowledge and disclosure is a matter entirely within the parent's present control.  The ICWA is not a 'get out of jail free' card dealt to parents of non-Indian children, allowing them to avoid a termination order by withholding secret knowledge, keeping an extra ace up their sleeves.  Parents cannot spring the matter for the first time on appeal without at least showing their hands."  (*Rebecca R.*, *supra*, at p.

1431, italics omitted.) In the absence of an affirmative representation, "there can be no prejudice and no miscarriage of justice requiring reversal." (*Ibid.*)

We find distinguishable this court's earlier decision in *In re J.N.* (2006) 138 Cal.App.4th 450, in which we found reversible error where court found that the mother was never asked about her Indian ancestry. In that case, we "refuse[d] to speculate about what mother's response to any inquiry would be." (*Id.* at p. 461.) However, *In re J.N.* was an appeal from jurisdictional and dispositional orders in which the minor was placed into foster care. (*Id.* at p. 455.)

The ill that ICWA seeks to prevent is the removal of Indian children from their homes and the placement of the children in non-Indian homes, foster care, or institutions. (*Mississippi Choctaw Indian Band v. Holyfield* (1989) 490 U.S. 30, 32.) Here, the minors were not removed from their home. To the contrary, the order ensured that the minors would remain in the care and custody of their biological father and stepmother. Thus, even had inquiry been made of appellant and the minors found to be Indian children, the result would most likely have been the same.

## DISPOSITION

The order appealed from is affirmed.