Filed 12/1/21  In re D.C. CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re D.C., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B311767 (Super. Ct. No. J072398) (Ventura County) |
| VENTURA COUNTY HUMAN SERVICES AGENCY,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>B.C.,<br><br>  Defendant and Appellant. | |

B.C. (father) appeals both the juvenile court's order denying his Welfare and Institutions Code section 388[1] petition without an evidentiary hearing and the judgment terminating his parental rights to his daughter, D.C.  Father contends the court

---

[1] All further statutory references are to the Welfare and Institutions Code.

erred by finding (1) he failed to make a prima facie case warranting a hearing and (2) the parental benefit exception to the termination of parental rights did not apply. We conclude neither contention has merit and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Both of D.C.'s parents have an extensive history of heroin and methamphetamine use. Shortly after her birth in January 2020,[2] D.C. began showing signs of withdrawal. She was admitted to the hospital's neonatal intensive care unit and given methadone.

HSA initially agreed to handle the case outside of court if mother voluntarily agreed to treatment at a facility. When parents failed to appear for their appointment on February 3, D.C. was taken into protective custody. D.C. was temporarily placed with a relative and then placed with her paternal uncle and aunt on February 14. She continues to live with them and their three daughters.

The juvenile court ordered family reunification services for both parents. At the six-month review hearing on August 18, the social worker reported that mother had attended five alcohol and drug group sessions but missed three others and failed to take 11 of her random drug tests.

Father's participation also was inadequate. He attended some NA/AA meetings, but failed to participate in counseling, stopped attending parenting classes and took only five of 11 drug tests. Despite these deficiencies, HSA recommended that parents' reunification services be continued and scheduled a 60-day interim hearing to evaluate their progress.

_____

[2] All referenced dates are in 2020 unless otherwise stated.

2

On October 8, HSA determined parents had not engaged in sufficient services to justify further delay and recommended that the matter be set for trial. By the time of trial, parents' circumstances had further deteriorated. Mother still was not communicating with the social worker or drug testing. Although father attended parenting classes and had one negative drug test, he failed to take another test, to start counseling and to participate in a substance abuse program, saying the program "is not for me."

On October 29, mother reported that father, during an argument, held her upside-down by her ankles and scraped her with a shard of glass from a broken beer bottle. Mother also reported that during an earlier argument, father struck her head against the center console of his truck and punched her four times, resulting in a black eye. Father was arrested for inflicting corporal injury, false imprisonment and assault with a deadly weapon. He was jailed for a couple nights and then released. Father claimed mother lied about the abuse.

Parents did not contest HSA's revised recommendation and indicated they would file a section 388 motion instead. The juvenile court terminated reunification services to both parents and scheduled a section 366.26 hearing. HSA recommended termination of parental rights, which parents contested.

On March 30, 2021, father filed a section 388 petition alleging that his circumstances had changed and that services should be reinstated. Father claimed he was now attending weekly therapy sessions, participating in 12-step meetings twice a week and drug testing at his own expense. He also completed a parent education class, was reading books on parenting and had two letters of support.

The juvenile court summarily denied father's petition, finding that it failed to state new evidence or a change of circumstances or to show that it would promote D.C.'s best interests. (See *In re G.B.* (2014) 227 Cal.App.4th 1147, 1157.)

During the section 366.26 hearing, father argued that the parental-benefit exception to adoption applied and that his parental rights should not be terminated. The juvenile court rejected that argument and terminated parental rights. It noted that parents only had custody of D.C. during the 13 days she was hospitalized, that visits never progressed beyond supervised and that the visits, while "pleasant," did not demonstrate the type of relationship that outweighs the benefit D.C. would obtain from adoption.

## DISCUSSION

### Section 388 Petition

Father contends the juvenile court abused its discretion by denying his section 388 motion without an evidentiary hearing. We are not persuaded.

"Section 388 provides for modification of juvenile court orders when the moving party presents new evidence or a change of circumstances and demonstrates modification of the previous order is in the child's best interests. [Citations.] To obtain a hearing on a section 388 petition, the parent must make a prima facie showing as to both elements." (*In re Samuel A.* (2020) 55 Cal.App.5th 1, 6-7.)

"The petition should be liberally construed in favor of granting a hearing, but '[t]he prima facie requirement is not met unless the facts alleged, if supported by evidence given credit at the hearing, would sustain a favorable decision on the petition.' [Citations] . . . The petition may not consist of 'general, conclusory allegations.' [Citation.] 'Successful petitions have

4

included declarations or other attachments which demonstrate the showing the petitioner will make at [the] hearing . . . .' [Citation.]  When determining whether the petition makes the necessary showing, 'the court may consider the entire factual and procedural history of the case.'" (*In re Samuel A.*, *supra*, 55 Cal.App.5th at p. 7.)  The change in circumstances "must be substantial." (*In re Ernesto R.* (2014) 230 Cal.App.4th 219, 223.)

We review the denial of a section 388 petition for abuse of discretion.  We will not overturn the juvenile court's decision unless the appellant shows it to be arbitrary, capricious, or patently absurd.  (*In re G.B.*, *supra*, 227 Cal.App.4th at p. 1158.)

Here, the juvenile court reasonably concluded that father had failed to sufficiently allege changed circumstances.  Father's petition did not claim a date of sobriety.  It could be inferred from the petition that father had been sober for approximately five months after services were terminated, but he admitted missing two drug tests during that period, whereas the social worker reported he actually missed four.  In any event, father has not shown that five months of sobriety would be sufficient under the circumstances.  (See *In re Cliffton B.* (2000) 81 Cal.App.4th 415, 423-424 [finding even six months of sobriety not enough].)  There is no evidence of father's participation in a drug treatment program, and he failed to address his arrest for domestic violence against mother.

Even if father had satisfied the first element of the section 388 test, he failed to show that D.C.'s best interests would be served by reinstating services and providing father with more time to reunify.  (See *In re Samuel A.*, *supra*, 55 Cal.App.5th at pp. 6-7.)  D.C. has lived with her aunt and uncle and her three cousins since she was a few weeks old.  They wish to adopt her.  As the juvenile court observed, while parents were attempting

5

rehabilitation, D.C. was bonding with her caregivers. Childhood is brief, and the nurturing required of a young child must be given by someone when the child needs it, not when the parent is ready to give it. (*In re Rikki D.* (1991) 227 Cal.App.3d 1624, 1632, disapproved on other grounds in *In re Jesusa V.* (2004) 32 Cal.4th 588, 624, fn. 12; see *In re Meranda P.* (1997) 56 Cal.App.4th 1143, 1164 ["Neither the child nor the law can wait for a parent to decide, at leisure, when he or she will accept in full the responsibilities of parenthood"].)

*Beneficial Parental Exception*

To establish the beneficial parental exception to adoption, the parent must show by a preponderance of the evidence: (1) "[R]egular visitation and contact with the child, taking into account the extent of visitation permitted," (2) "the child has a substantial, positive, emotional attachment to the parent -- the kind of attachment implying that the child would benefit from continuing the relationship" and (3) "terminating that attachment would be detrimental to the child even when balanced against the countervailing benefit of a new, adoptive home." (*In re Caden C.* (2021) 11 Cal.5th 614, 636-637.) When that three-prong burden is met, it is not "in the best interest of the child to terminate parental rights, and the court should select a permanent plan other than adoption. [Citation.]" (*Ibid.*)

Our review of the juvenile court's ruling on whether the beneficial parental exception applies incorporates two standards of review. (*In re Caden C.*, *supra*, 11 Cal.5th at pp. 639-641.) We apply the substantial evidence standard to the first two prongs of the exception and the abuse of discretion standard to the third prong. (*Ibid.*)

It is undisputed that father had "pleasant" visits with D.C., although he did miss some. Nonetheless, a history of positive

6

visitation is not sufficient to establish the first prong of the beneficial parental exception. (*In re Brian R.* (1991) 2 Cal.App.4th 904, 924 ["[P]leasant and cordial father-son visits are, by themselves, insufficient"].) Even if we were to assume the prong was satisfied, however, father has failed to demonstrate that D.C. has "a substantial, positive, emotional attachment to" him and that "terminating that attachment would be detrimental" to D.C. (*In re Caden C.*, *supra*, 11 Cal.5th at pp. 636-637.)

As the juvenile court explained, "[w]hen parents have only had the child at most 13 days in their care since birth and they've only had supervised visits, it is very difficult for them to show that they have fulfilled a parental role for a child. And I do not believe [they] have shown that in this case." The court found D.C. adoptable by the family she has been with for most of her young life and ordered termination of parental rights. Father has not demonstrated error.

DISPOSITION

The judgment and the order denying the section 388 petition are affirmed.

<u>NOT TO BE PUBLISHED.</u>

PERREN, J.

We concur:

YEGAN, Acting P. J.          TANGEMAN, J.

7

Tari L. Cody, Judge
Superior Court County of Ventura

_____


David M. Thompson, under appointment by the Court of
Appeal, for Defendant and Appellant.

Tiffany N. North, County Counsel, and Joseph J. Randazzo,
Assistant County Counsel, for Plaintiff and Respondent.