Filed 3/8/23  Adoption of A.G. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| Adoption of A.G., a Minor. | C096060 |
| B.G., | (Super. Ct. No. 21AD00088) |
| Plaintiff and Respondent, | |
| v. | |
| T.H., | |
| Defendant and Appellant. | |

T.H. (mother) appeals from a family court judgment terminating her parental rights as to the minor.  (Fam. Code, § 7822.)[1]  Mother contends the family court (1) did not comply with the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.), (2) erred in finding she abandoned the minor within the meaning of section 7822, and (3) erred in finding termination of parental rights was in the minor's best interest.  Agreeing with mother's ICWA claim, we will reverse and remand to the family court.

---

[1]  Undesignated statutory references are to the Family Code.

1

# BACKGROUND

Mother and R.G. (father) were in a relationship when mother gave birth to the minor in 2014. The parents were never married and when they separated in June 2016, the minor was almost three years old. They obtained a shared custody agreement soon thereafter. Father began a relationship with B.G. (stepmother) and the two were married in 2018. Father and stepmother became concerned about the minor's well-being when the minor returned to them from mother's house and made comments pertaining to domestic violence and sexual abuse. On March 14, 2018, following a custody evaluation, the family court issued a new custody order granting father temporary full physical and legal custody of the minor, with compliance, progress, and possible modifications to be considered after three months. The family court ordered the parents to schedule drug testing and individual therapy, and to preserve the parent/child relationship by, among other things, maintaining free access and unhampered contact with the minor. In addition, the family court ordered that mother have professionally supervised visitation with the minor twice a week.

Mother had no supervised visits with the minor in the next three years. Her last contact with the minor was Mother's Day 2018. Mother called father and texted him a handful of times, but father did not allow mother to speak with the minor. Mother made some child support payments to father, but stopped doing so after January 2020.

On June 23, 2021, stepmother filed an adoption request seeking to adopt the minor as a stepparent. The request alleged that mother abandoned the minor by leaving the child in father's care and custody for one year or longer without providing for the minor's support or without communication from mother and with the intent to abandon the minor. On September 22, 2021, stepmother filed a petition to declare the minor free from the parental custody and control of mother. Father consented in writing to the petition. Father and stepmother both completed parental notification of Indian status (ICWA-020)

2

forms indicating they had no Indian ancestry. After stepmother filed her petition, mother made efforts to contact the minor and sent Christmas gifts to the minor.

A court investigator conducted an investigation regarding stepmother's petition. The investigator made contact with mother, but mother expressed discomfort in speaking with the investigator, saying she wanted to retain legal counsel. The investigator interviewed father, stepmother, and the minor. The minor indicated she last saw mother approximately three to four years prior but she did not enjoy the visits and was happy mother's paternal rights would be terminated. The minor expressed her desire to be adopted by stepmother and her wish to continue living with father, stepmother, and her sister.

Following a trial in which father, mother, maternal aunt, and stepmother testified, the family court granted stepmother's petition. The family court found that there had been a period of more than a year where mother did not pay child support, mother had made merely token efforts to contact the minor, mother had abandoned the minor, and removal of the minor from her stable relationship with father and stepmother would be detrimental.

Additional facts are set forth in the discussion as relevant to the contentions on appeal.

DISCUSSION

I

Mother contends the record on appeal does not show compliance with ICWA. She notes that a proceeding to terminate parental rights under Family Code section 7800 et seq. is a child custody proceeding under ICWA (*In re Suzanna L.* (2002) 104 Cal.App.4th 223, 229, quoting *In re Crystal K.* (1990) 226 Cal.App.3d 655, 660-666) and claims there was no effort to inquire as to her possible Indian heritage.

Rule 5.481 of the California Rules of Court provides that where, as here, a party is seeking a declaration freeing the minor from the custody or control of at least one of the

3

parents, or termination of a parent's parental rights, or a subsequent adoption, that party and the court "have an affirmative and continuing duty to inquire whether the child is or may be an Indian child . . . ." (Cal. Rules of Court, rule 5.481(a).) Additionally, that party "must ask . . . the parents . . . whether the child is or may be an Indian child . . ." and "must complete the Indian Child Inquiry Attachment (form ICWA-010(A)) and attach it to the petition . . . ." (Cal. Rules of Court, rule 5.481(a)(1).) Further, the court must, at the first appearance by a parent, ask whether he or she knows or has reason to know the child is an Indian child, instruct the parties to inform the court of any subsequently received information that provides a reason to know the child is an Indian child, and order the parent to complete an ICWA-020 form. (Cal. Rules of Court, rule 5.481(a)(2)(A)-(C).)

Mother attended court hearings on November 8, 2021, December 13, 2021, and March 24, 2022. Although father and stepmother both completed ICWA-020 forms indicating they had no Indian ancestry, there is no evidence in the record that mother was asked about possible Indian heritage or that she received or completed an ICWA-020 form.

Stepmother argues any error was harmless because mother had opportunities to claim Indian ancestry with the investigator and during her court appearances but did not do so, and she does not offer evidence on appeal that the minor has Indian heritage. However, we cannot say the lack of inquiry is harmless because we do not yet know if a tribe was deprived of an opportunity in this case. Accordingly, we will reverse and remand.

II

Mother next contends stepmother failed to meet her burden under section 7822 to show abandonment of the minor.

Section 7800 et seq. governs proceedings to declare a minor child free from a parent's custody and control. (§ 7802; *Adoption of Allison C.* (2008) 164 Cal.App.4th

4

1004, 1009 (*Allison C.*).) "A declaration of freedom from parental custody and control . . . terminates all parental rights and responsibilities with regard to the child." (§ 7803.)

A court may declare a child free from parental custody and control if the parent has abandoned the child. (§ 7822; *Allison C., supra*, 164 Cal.App.4th at p. 1010.) Abandonment may occur when "[o]ne parent has left the child in the care and custody of the other parent for a period of one year without any provision for the child's support, or without communication from the parent, with the intent on the part of the parent to abandon the child." (§ 7822, subd. (a)(3).) "The failure to provide . . . support, or failure to communicate is presumptive evidence of the intent to abandon. If the parent . . . ha[s] made only token efforts to support or communicate with the child, the court may declare the child abandoned by the parent . . . ." (§ 7822, subd. (b).) "The parent need not intend to abandon the child permanently; rather, it is sufficient that the parent had the intent to abandon the child during the statutory period." (*In re Amy A.* (2005) 132 Cal.App.4th 63, 68; see *In re Daniel M.* (1993) 16 Cal.App.4th 878, 886.)

We review the family court's findings under section 7822 for substantial evidence, bearing in mind the clear and convincing standard of proof. (*Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1011; *In re Marriage of Jill & Victor D.* (2010) 185 Cal.App.4th 491, 503.) " 'An appellate court is not empowered to disturb a decree adjudging that a minor is an abandoned child if the evidence is legally sufficient to support the finding of fact as to the abandonment.' " (*In re Brittany H.* (1988) 198 Cal.App.3d 533, 549.) Abandonment and intent are questions of fact for the trial judge and the trial judge's decision when supported by substantial evidence is binding upon the reviewing court. (*Allison C., supra*, 164 Cal.App.4th at p. 1011.) "In determining if substantial evidence exists, we consider the evidence in a manner that favors the order being challenged." (*Adoption of A.B.* (2016) 2 Cal.App.5th 912, 922.) We do not evaluate "the credibility of witnesses, resolve conflicts in the evidence or determine the weight of the evidence." (*In re E.M.* (2014) 228 Cal.App.4th 828, 839.) On appeal, the appellant bears the burden

of establishing insufficient evidence to support the trial court's findings. (*Ibid*.) We are mindful of the requirement that the relevant findings must be supported by clear and convincing evidence (§ 7821) and adjust our standard of review accordingly. (*Conservatorship of O.B.,* at p. 1005.)

Here, substantial evidence supports the family court's finding of abandonment. Although mother had been entitled to supervised visitation, there is evidence she did not participate in visitation for years. Mother said it was too hard for her. And although father appears to have prevented mother from talking on the phone with the minor, the record indicates mother did not seek assistance at that time from the court or the agencies to help her regularly engage with the minor. In addition, there is evidence mother did not provide child support for more than a year.

Mother's contention lacks merit.

### III

Mother further contends it was not in the minor's best interest to terminate parental rights. She admits she had challenges completing the court's order to drug test and that child protective services had opened a case related to her son (the minor's younger half-sibling), but she claims those issues no longer exist and she is now sober, has housing, and is employed. In mother's view, termination of her parental rights is not in the minor's best interest because the minor will never have contact with mother and will never meet her baby brother.

" '[T]he decision to terminate parental rights lies in the first instance within the discretion of the trial court, "and will not be disturbed on appeal absent an abuse of that discretion." ' [Citation.]" (*Adoption of A.B., supra*, 2 Cal.App.5th at p. 924.) "When applying the deferential abuse of discretion standard, 'the trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious.' " (*In re C.B.* (2010) 190 Cal.App.4th 102, 123.) When the court applies section 7822 to

6

terminate parental rights, "the court shall consider the wishes of the child, bearing in mind the age of the child, and shall act in the best interest of the child."  (§ 7890.)

The family court's findings are supported by the record.  In addition to the evidence we have already discussed, there is evidence the minor's relationship with mother was strained and that the minor had a positive relationship with the stepmother, whom she called "mom" and with whom she had lived since March 2018.

Mother has not established an abuse of discretion.

## DISPOSITION

The order terminating mother's parental rights is conditionally reversed and the matter remanded to the family court with directions to conduct further inquiry and proceedings in accordance with ICWA and, if applicable, notice as required by the provisions of ICWA.  If the family court determines proper inquiry and notice has been affected, and no tribe asserts its rights under ICWA, the family court shall reinstate its order terminating parental rights.  If the inquiry raises a reason to believe the minor is an Indian child, the family court shall proceed according to the dictates of ICWA.


                                                /S/
                                     MAURO, Acting P. J.


We concur:


    /S/
KRAUSE, J.


    /S/
McADAM, J.[*]

---

[*]  Judge of the Yolo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.