Filed 6/13/14  In re A.H. CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re A.H. et al., Persons Coming Under the Juvenile Court Law. | C074678 |
| SAN JOAQUIN COUNTY HUMAN SERVICES AGENCY,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>S.H.,<br><br>Defendant and Appellant. | (Super. Ct. No. J05890) |

S.H., the father of the minors A.H. and Sa.H., appeals from the juvenile court's orders terminating parental rights.  (Welf. & Inst. Code, §§ 366.26, 395.)[1]  He contends the San Joaquin County Human Services Agency (HSA) and the juvenile court did not

---

[1]  Undesignated statutory references are to the Welfare and Institutions Code.

1

comply with the inquiry requirements of the Indian Child Welfare Act (ICWA; 25 U.S.C. § 1901 et seq.). We shall affirm the juvenile court's orders.

## BACKGROUND

In December 2011 Sa.H. (born January 2007) and A.H. (born February 2006) lived with their half siblings, the minors P.G. (born February 2002) and S.Y. (born May 2011), along with their mother A.R. and her boyfriend S.D.Y.[2] On December 29, 2011, mother and S.D.Y. brought Sa.H. into the emergency room for stomach pains. He had multiple bruises and scratches to the abdomen, upper extremities, back, neck, and face. Sa.H. was taken into surgery, where doctors determined he had sustained substantial internal injuries, including a ruptured intestine, half a gallon of bloody fluid in the abdomen, multiple bruises to the intestines, a bruised spleen, and hematomas to the left and right colon. The injuries were caused by numerous hits of some kind to the abdominal area. Mother and S.D.Y. were arrested and jailed on felony child abuse charges. S.D.Y. was also arrested for failing to register as a sex offender.

The minors were taken into protective custody, and HSA filed a dependency petition alleging serious physical harm, failure to protect, severe physical abuse, no provision for support, and abuse of a sibling. (§ 300, subds. (a), (b), (e), (g) & (j).) The minors were detained in January 2012.

Father was not found in time for the April 2012 jurisdiction/disposition report. He was considered an alleged father.

The juvenile court sustained the petition and denied reunification services for mother in August 2012 and for S.D.Y. in September 2012.

The juvenile court found father was the presumed father in February 2013.

---

[2] The half siblings are not parties to this appeal.

2

A March 2013 report noted father was incarcerated at the federal penitentiary in Lompoc. Father called the social worker and said he had five years to serve on his prison term. He wanted to sign the minors over to the paternal grandmother.

In April 2013 the juvenile court found the ICWA did not apply.

The Lompoc Federal Penitentiary refused to transport father to the section 366.26 hearing because it was not a criminal proceeding. The juvenile court terminated parental rights at an August 2013 hearing.

## DISCUSSION

Father contends HSA and the juvenile court did not comply with the inquiry requirements of the ICWA because he was never asked whether he had Indian heritage.

The juvenile court and the HSA have an affirmative and continuing duty to inquire at the outset of the proceedings whether a child who is subject to the proceedings is, or may be, an Indian child. (§ 224.3, subd. (a); Cal. Rules of Court, rule 5.481(a).) As part of its duty, the court must "order the parent" to complete form ICWA-020 at the first appearance by the parent in the juvenile proceedings in which the child is at risk of entering foster care. (Cal. Rules of Court, rule 5.481(a)(2).) "If the court fails to ask a parent about his or her Indian heritage, a limited reversal of an order or judgment and remand for proper inquiry and any required notice may be necessary. [Citation.] Reversal is not warranted, however, when the court's noncompliance with the inquiry requirement constitutes harmless error. [Citations.]" (*In re A.B.* (2008) 164 Cal.App.4th 832, 839.)

The record contains no mention of father having any possible Indian heritage. Father did not claim he had any Indian heritage in his opening brief. Even though HSA's brief pointed this out, father makes no claim of Indian heritage in his reply brief.

"Father complains that he was not asked below whether the child had any Indian heritage. Fair enough. But, there can be no prejudice unless, *if* he had been asked, father *would have* indicated that the child did (or may) have such ancestry. [¶] Father is here,

3

now, before this court. There is nothing whatever which prevented him, in his briefing or otherwise, from removing any doubt or speculation. He should have made an offer of proof or other affirmative representation that, had he been asked, he would have been able to proffer some Indian connection sufficient to invoke the ICWA. He did not. [¶] In the absence of such a representation, the matter amounts to nothing more than trifling with the courts." (*In re Rebecca R.* (2006) 143 Cal.App.4th 1426, 1431; accord, *In re N.E.* (2008) 160 Cal.App.4th 766, 770; *In re H.B.* (2008) 161 Cal.App.4th 115, 122.)

Under such circumstances, we decline to find that father has suffered any prejudice. The failure to inquire whether father had Indian heritage is therefore harmless error.

## DISPOSITION

The juvenile court's orders are affirmed.


            RAYE         , P. J.


We concur:


    NICHOLSON    , J.


    ROBIE       , J.