Filed 2/9/15  In re S.M. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re S.M., a Person Coming Under the Juvenile Court Law. | C076930 |
| SACRAMENTO COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>      Plaintiff and Respondent,<br><br>    v.<br><br>J.M.,<br><br>      Defendant and Appellant. | (Super. Ct. No. JD233191) |

J.M., father of the minor S.M., appeals from the juvenile court's orders terminating his parental rights.  (Welf. & Inst. Code, §§ 395, 366.26.)[1]  He contends there was a failure to comply with the inquiry and notice provisions of the Indian Child

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

1

Welfare Act (ICWA). (25 U.S.C. § 1901 et seq.) We shall vacate the orders terminating parental rights and remand for the limited purpose of permitting the juvenile court to comply with the inquiry and notice provisions of the ICWA.

BACKGROUND

In December 2012, the seven-year-old minor and her two-year-old half brother J.V. were placed with the maternal step-grandmother K.B. when their mother and her boyfriend were arrested for possession of methamphetamine. Father was serving a sentence in state prison at the time. After the maternal step-grandmother's home failed kinship requirements in March 2013, she told the Sacramento County Department of Health and Human Services (Department) she was no longer willing to make efforts to comply with kinship requirements for her home.

In April 2013, the Department filed a dependency petition, alleging mother's substance abuse problems and her inability or unwillingness to comply with informal supervision. Later that month, the juvenile court detained the minor and continued placement with the maternal step-grandmother.

Mother had told the Department she had Shoshone heritage in January 2013. The Department filed a declaration about the ICWA investigation in May 2013. A Department paralegal spoke with mother, who said her Shoshone heritage is on the maternal grandfather's side. Mother said she had a tribal enrollment number but did not know it, and she did not know which of the 20 federally recognized Shoshone tribes her father and grandfather were associated with, but thought the reservation may be near Bakersfield, California. She had no other information on her Shoshone heritage.

The paralegal also spoke to the maternal grandmother, who affirmed the Shoshone heritage ran through the maternal grandfather. She was married to the maternal grandfather for only a few years and had no information about his family or tribal history and had no contact information for him. The maternal grandfather's first name is Toby.

The Department sent an ICWA-30 form to the relevant Shoshone tribes and the Bureau of Indian Affairs (BIA). The notice included mother's name, address, birth date, and place of birth, as well as a summary of what she told the paralegal about her Shoshone heritage. The form also gave the maternal grandfather's name, birth date, birth place, and the possibility that the Shoshone band was near Bakersfield, but did not provide any information regarding current or former addresses, or any other relevant information other than possible Shoshone membership. For the maternal great-grandfather, the form listed his name, possible Shoshone membership, and the possible Bakersfield location, but no other information.

The May 2013 jurisdiction and disposition report noted that mother, who was homeless, interviewed with a social worker in April 2013. Mother used an expletive to describe the maternal grandfather. She was raised by the paternal great-grandfather because her parents were usually doing drugs. She had many siblings but was not in contact with any of them.

The minors were still placed with the maternal step-grandmother. In May 2013, the Department received a child abuse referral stating that the maternal step-grandmother's "male friend" named Toby was coming to K.B.'s home when he was not supposed to and he was rough with the children. The Department noted its concerns about the maternal step-grandmother's marital status and significant relationships.[2]

The juvenile court sustained the petition at a June 2013 hearing. Mother was given reunification services and father waived them. The juvenile court ordered placement of the children with the maternal grandmother and her husband in August 2013.

---

[2] The person in the abuse referral was called the maternal step-grandmother's "significant other" elsewhere in the record.

In October 2013, the juvenile court found that notice had been given to all the relevant tribes, who either reported the minor was not eligible for membership or did not reply within 60 days of notification. The court found the ICWA did not apply.

The December 2013 six-month report stated that mother's location was unknown and father remained incarcerated. The maternal grandmother and her husband were committed to adopting the children.

The juvenile court terminated mother's services and set a section 366.26 hearing in March 2014.

The juvenile court terminated parental rights at the section 366.26 hearing.

DISCUSSION

Father contends the Department and the juvenile court did not comply with the inquiry and notice provisions of the ICWA by failing to contact the maternal step-grandmother about information on the maternal grandfather. We agree.

Congress passed the ICWA "to promote the stability and security of Indian tribes and families by establishing minimum standards for removal of Indian children from their families and placement of such children 'in foster or adoptive homes which will reflect the unique values of Indian culture . . . .' [Citations.]" (*In re Levi U.* (2000) 78 Cal.App.4th 191, 195.)

A social worker has "an affirmative and continuing duty to inquire whether a child [in a section 300 proceeding] is or may be an Indian child . . . ." (§ 224.3, subd. (a).) Furthermore, if the social worker "has reason to know that an Indian child is involved, the social worker . . . is required to make further inquiry regarding the possible Indian status of the child, and to do so as soon as practicable, by interviewing the parents, Indian custodian, and extended family members to gather the information" required to be provided in the ICWA notice. (§ 224.3, subd. (c).)

Mother claimed Shoshone heritage through the maternal grandfather, but had little or no information on him. The maternal grandmother was married to him for only a few

4

years and likewise had little information about him. Since the Department personnel did not interview anyone else about the maternal grandfather, the information on him and the maternal great-grandfather is minimal. Specifically, the ICWA-30 form provides only the grandfather's name, birth date, and birth place, and the great-grandfather's name.

The Department had significant contact with one person who could have provided the missing information, K.B., the maternal step-grandmother. The record shows that the maternal step-grandmother receives frequent visits from a "male friend" with the same first name as the maternal grandfather. Under these circumstances, it was error for the Department not to inquire with the maternal step-grandmother about the whereabouts of the maternal grandfather.

The Department argues the error is harmless because father does not show it is reasonably probable that inquiry with the maternal step-grandmother would have led to a different result. (*In re S.B.* (2005) 130 Cal.App.4th 1148, 1162.) ICWA error is harmless when a parent claims he or she was never asked about Indian heritage during the dependency but fails to state on appeal that he or she has Indian heritage. (See, e.g., *In re N.E.* (2008) 160 Cal.App.4th 766, 770-771; *In re Rebecca R.* (2006) 143 Cal.App.4th 1426, 1431.) Error in ICWA notice also "may be held harmless when the child's tribe has actually participated in the proceedings [citation], or when, even if notice had been given, the child would not have been found to be an Indian child, and hence the substantive provisions of the ICWA would not have applied [citations]." (*In re S.B.,* at p. 1162, fn. omitted.)

This case does not present the situation found in these harmless error cases. The claim of Indian heritage comes from the maternal side and, on appeal, the father is not asserting that he has Indian heritage. The error here was easy for the Department to avoid as it had frequent contact with a potential source of information about the paternal grandfather because the maternal step-grandmother was the minor's custodian until August 2013—well after the ICWA notices were sent. And the record shows that the

5

maternal step-grandmother may still be in contact with the maternal grandfather, and might be able to provide contact information for him. If the maternal step-grandmother does have contact information for the maternal grandfather, the Department will be able to interview him and include his contact information in a revised notice to the tribes.

The Department's error was not harmless, as it overlooked what are potentially the best sources of information regarding mother's claim of Indian heritage. A failure to conduct a proper ICWA inquiry requires a limited reversal of the orders terminating parental rights and a remand for proper inquiry and any required notice. (*In re A.B.* (2008) 164 Cal.App.4th 832, 839; *In re D. T.* (2003) 113 Cal.App.4th 1449, 1454-1456.)

DISPOSITION

The orders terminating parental rights are reversed, and the matter is remanded to the juvenile court for the limited purpose of satisfying the inquiry and notice requirements of the ICWA. The court is directed to order the Department to make a full inquiry of the maternal step-grandmother regarding mother's claim of Indian heritage and all other relevant inquiries that may result from her answers. If additional relevant information regarding mother's claim of Indian heritage is obtained, the Department is to provide additional notice to the BIA and the relevant tribes. If there is no response, or if the tribes and the BIA determine that the minor is not an Indian child, the juvenile court shall reinstate the orders. However, if the tribes or the BIA determine that the minor is an

6

Indian child, the juvenile court shall conduct a new selection and implementation hearing in conformance with all the provisions of the ICWA.

       RENNER       , J.

We concur:

       RAYE       , P. J.

       BLEASE       , J.